BLAIR, COMMISSIONER, *v.* OESTERLEIN MACHINE COMPANY.

CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 210. Argued October 10, 1927.—Decided November 21, 1927.

1. The Board of Tax Appeals, in reviewing a refusal by the Commissioner of Internal Revenue to apply special assessment provisions of the Revenue Act of 1918, may subpœna the Commissioner to answer interrogatories and furnish information from returns of other taxpayers relevant to the inquiry. P. 224.

2. The authority of the Board of Tax Appeals to review a determination of the Commissioner finding a deficiency in respect of a tax, Revenue Act, 1924, §§ 900 (e), 273, 274, extends to determinations

under §§ 327 and 328 of the Revenue Act of 1918, which provide for computation of the excess-profits tax of a corporation, in certain cases, upon the basis of a comparison with tax returns of other corporate taxpayers similarly situated.   P. 226.

3. The Board's appellate powers are not limited by § 1018 of the Act, prohibiting the publication by Collectors of information gained in the course of their duties.    P. 227.

4. In his final determination of the taxpayer's taxes for 1918 and 1919 the Commissioner considered the returns for those years together, reduced the 1918 tax and increased the 1919 tax, and found the net balance as a deficiency.  The question whether under § 274, authorizing review by the Board only of the Commissioner's determination of a " deficiency," the Board was empowered to consider his treatment of the 1918 tax was not raised before the Board or the courts below and not specified in the petition for certiorari.  *Held,* that it will not be considered by this Court.  P. 225.

17 F. (2d) 663, affirmed as modified.

CERTIORARI, 274 U. S. 730, to a decree of the Court of Appeals of the District of Columbia, which affirmed a decree of the Supreme Court of the District of Columbia, commanding the Commissioner of Internal Revenue to respond to a subpœna of the Board of Tax Appeals.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Messrs. A. W. Gregg,* General Counsel, and *Charles T. Hendler,* Special Attorney, Bureau of Internal Revenue, were on the brief, for petitioner.

*Mr. J. Robert Sherrod,* with whom *Messrs. John J. Hamilton* and *Robert N. Miller* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This is a proceeding brought in the Supreme Court of the District of Columbia under § 1025 (a) of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 348; U. S. C., Title 26, § 1258) to compel the Commissioner of Internal Revenue to respond to a subpœna of the Board of Tax Appeals issued under § 900 (i) requiring him to answer interroga-

tories, and to furnish information contained in the tax returns of twelve corporations. The Commissioner denied the authority of the Board to require a response to the subpœna. A decree upholding the jurisdiction of the Board and ordering the Commissioner to obey was affirmed by the Court of Appeals of the District, 17 Fed. (2d) 663. The case is here on certiorari. 274 U. S. 730.

Respondent corporation returned and paid excess profits taxes for the years 1918, 1919 and 1920. In the final determination of these taxes the Commissioner considered together the returns for all three years. He reduced the 1918 tax, increased the 1919 tax, and found the net balance as a deficiency. In fixing the amount of the tax for 1918, the Commissioner, as requested by the taxpayer in an amended return for that year, made a special assessment under §§ 327 and 328 of the Revenue Act of 1918 (c. 18, 40 Stat. 1057, 1093), but decided that no grounds existed for a special assessment for the year 1919, and so determined the tax for that year using the ordinary assessment method provided by §§ 301, 311 and 312.

The invested capital of the corporation taxed is one of the necessary factors in the computation of the tax under those sections. In evident anticipation that in some cases the Commissioner might find it difficult or impossible to ascertain the invested capital, or that in the disturbed economic conditions left by the war, the tax in some cases might be harsh in comparison with others, a special method of assessment for those cases (enumerated in § 327) was provided by § 328. These sections, printed in the margin,[1] authorize the computation of the excess profits tax

---

[1] Sec. 327. That in the following cases the tax shall be determined as provided in section 328:

(a) Where the Commissioner is unable to determine the invested capital as provided in section 326;

(b) In the case of a foreign corporation;

(c) Where a mixed aggregate of tangible property and intangible property has been paid in for stock or for stock and bonds and the Commissioner is unable satisfactorily to determine the respective

on the basis of a comparison with the data contained in the tax returns of other corporate taxpayers similarly situated.

Respondent, on appeal to the Board of Tax Appeals, assailed the determination of the Commissioner on the ground that although the 1918 tax had been assessed under § 328, the standard of comparison applied was erroneous and resulted in an excessive assessment, and on the

---

values of the several classes of property at the time of payment, or to distinguish the classes of property paid in for stock and for bonds, respectively;

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived on a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

Sec. 328 (a) In the cases specified in section 327 the tax shall be the amount which bears the same ratio to the net income of the taxpayer (in excess of the specific exemption of $3,000) for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or business, bears to their average net income (in excess of the specific exemption of $3,000) for such year. In the case of a foreign corporation the tax shall be computed without deducting the specific exemption of $3,000 either for the taxpayer or the representative corporations.

In computing the tax under this section the Commissioner shall compare the taxpayer only with representative corporations whose invested capital can be satisfactorily determined under section 326 and which are, as nearly as may be, similarly circumstanced with respect to gross income, net income, profits per unit of business trans

ground that the tax for 1919 should have been assessed under § 328.    As to the latter contention it set up that as the Commissioner had been unable satisfactorily to determine respondent's invested capital for 1917 and 1918, he could not have done so for 1919, and that, since the net income for 1919 was abnormal, its profits tax, if assessed by the ordinary method, would be found excessive compared with the tax assessed on other representative corporations.

The subpoena called for information concededly relevant to these contentions, and was properly issued if the Board of Tax Appeals had authority to make the inquiry. The Commissioner denies generally that any determinations made by him under §§ 327 and 328 may be appealed, and in any case objects that the appeal as to the year 1918 was not properly taken.

The appeal was authorized if at all by § 900 (e) of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 337; U. S. C., Title 26, § 1216) under § 274 of that Act. Section 274 permits an appeal by the taxpayer only if " the Commissioner determines that there is a deficiency in respect of

---

acted and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances.

(b) For the purposes of subdivision (a) the ratios between the average tax and the average net income of representative corporations shall be determined by the Commissioner in accordance with regulations prescribed by him with the approval of the Secretary.

.  .  .          .          .          .

(c) The Commissioner shall keep a record of all cases in which the tax is determined in the manner prescribed in subdivision (a), containing the name and address of each taxpayer, the business in which engaged, the amount of invested capital and net income shown by the return, and the amount of invested capital as determined under such subdivision. The Commissioner shall furnish a copy of such record and other detailed information with respect to such cases when required by resolution of either House of Congress, without regard to the restrictions contained in section 257.

the tax" which has been returned. "Deficiency" is defined by § 273 as "(1) The amount by which the tax imposed . . . exceeds the amount shown as the tax by the taxpayer upon his return; . . . (2) If no amount is shown as the tax by the taxpayer on his return, . . . then the amount by which the tax exceeds the amounts previously assessed . . . as a deficiency. . . ."

It is argued that although there was a deficiency for 1918 and 1919, as considered together by the Commissioner, the years must be treated separately in determining whether a deficiency existed within the meaning of § 274, for purposes of appeal. So treated there was no deficiency in the year 1918, since the Commissioner had reduced the amount of the tax returned and paid for that year. This argument was rejected in *Appeal of E. J. Barry*, 1 B. T. A. 156, and the Commissioner appears formally to have announced his acquiescence in its rejection. Int. Rev. Cum. Bull. IV-2-1.

We think the question suggested is not properly before us. It was not specifically raised on the record before the Board or either court below and, so far as appears, was not considered by any of them. We were asked to grant certiorari only to pass upon the question whether the Commissioner's determinations under §§ 327 and 328 may be appealed to the Board of Tax Appeals. This Court sits as a court of review. It is only in exceptional cases, and then only in cases from the federal courts, that questions not pressed or passed upon below are considered here. *Duignan* v. *United States*, 274 U. S. 195. There are specially cogent reasons why this rule should be adhered to when the question involves a practice of one of the great departments of the government. Hence we do not pass upon this aspect of the case with respect either to the return or the amended return for 1918, and our decision is without prejudice to the disposition of the question wherever appropriately presented.

The Commissioner's objection that as to both years the Board of Tax Appeals is without authority to review his action is based not on any limitations to be found in the sections of the act defining the jurisdiction of the Board, but upon the peculiar provisions of §§ 327 and 328 themselves. These, it is argued, vest in the Commissioner the exercise of a judgment and discretion in their nature not subject to appellate review. It is pointed out that by § 327 assessments in the manner provided in § 328 are permitted "where the Commissioner is unable to determine" the invested capital of the taxpayer, or where "the Commissioner is unable satisfactorily to determine" the value of a mixed aggregate of tangible and intangible property paid in as capital, or where the Commissioner "finds and so declares of record that the tax if determined without benefit of this section" would, owing to abnormal conditions, work a hardship on the taxpayer. And it is urged that this phraseology, evidences an intention to make his decision final. The conclusion is said to be fortified by the confidential nature of the returns of taxpayers with which comparison must be made in order to make the assessment under § 328. Their privileged character is thought to preclude a construction of the appeal statute that would result in giving publicity to tax returns and confidential information so carefully guarded by other provisions of the revenue acts.

But there is no inherent impossibility or, indeed, serious difficulty in reviewing judicially any determination authorized by §§ 327 and 328. The determination is to be made upon prescribed and ascertainable data and is to conform to standards set up by the statute, all defined with sufficient definiteness and clarity to be susceptible of judicial scrutiny. We cannot assume that it is to be either arbitrary or unrelated to the appropriate data in the Commissioner's office, or that he is more qualified to make it than the Board established to review his deci-

sions.  An examination of the sections creating the Board
and investing it with power can leave no doubt that they
were intended to confer upon it appellate powers which
are judicial in character.  Not only is it required by
§ 900 (e) to hear and determine appeals taken under
§ 274, which in terms allows an appeal in every case
where a deficiency is found by the Commissioner, but it
is empowered to administer oaths and to compel the
attendance of witnesses and the production of documents
and records.  It may investigate anew the issues between
the government and the taxpayer and upon the determi-
nation of the appeal it may affirm, set aside or modify the
findings and decision of the Commissioner.  In the light
of such provisions there is plainly no sufficient ground for
reading into § 274, allowing an appeal wherever a defi-
ciency is found by the Commissioner, an exception based
on the supposedly sacrosanct character of his determina-
tions under §§ 327 and 328.

But little weight can be given to the suggestion that
the Board's appellate powers are limited by the section of
the Act prohibiting the publication by collectors of infor-
mation gained in the course of their duties.  § 1018,
reënacting § 3167 of the Revised Statutes (U. S. C., Title
18, § 216).  The prohibition is limited to disclosures made
" in any other manner than may be provided by law."
It cannot be deemed to forbid disclosures made in obedi-
ence to process lawfully issued in a judicial or quasi-
judicial proceeding, as has, indeed, been recognized by the
Treasury Department itself in Treasury Decision No.
2962, directing that copies of returns may be furnished
for the government's use as evidence in court.  Neither
the statute nor the practice of the Department suggests
the existence of any governmental policy with respect to
the use of the returns as evidence in any way inconsistent
with the provisions of the statute authorizing the Board
of Tax Appeals to hear appeals and conduct proceedings
which are judicial in character.

As we do not pass upon the question whether the Board of Tax Appeals had jurisdiction of the appeal, except insofar as it is involved in our decision that the determinations of the Commissioner under §§ 327 and 328 are subject to review by the Board, the decree will be so modified as to be without prejudice to the petitioner's presenting in any appropriate manner to the Board or the Supreme Court of the District the questions whether the Board of Tax Appeals had in other respects jurisdiction of the appeal as to the tax for 1918 and, if not, to what extent the information called for by the subpoena is relevant and admissible upon the hearing of the appeal as to the tax for 1919.

*Affirmed as modified.*