*73 oiunion.
Geeen:
The allegations of error are set forth in the preliminary statement. Each of these allegations has been specifically denied by the respondent in his answers. The answers likewise deny practically *74 every fact alleged in the petition and the amendments thereto. As the result of these denials it is of course incumbent upon the petitioner to establish by proof the facts upon which it relies for the relief sought.
The first and last of the alleged errors relate to the computation of gain resulting from the sale by the petitioner of its bank building and its deposits. The petitioner’s position is, first, that the transaction of April 19, 1918, was a reorganization and that therefore the basis for the computation is the April 19, 1918, value of the assets, and second, that if there was in fact no .reorganization, then the basis should be the value of the assets on March 1, 1913. It is clear to us that there was no reorganization of the State National Bank of Bloomington. That institution sold its assets to the petitioner and liquidated. The stock of the petitioner was subscribed for by a limited number of subscribers. There was no exchange of stock or assets for stock. The entire transaction was negotiated and put into effect, in terms of and by means of money or checks. A substantial portion of the stock of the old corporation was retired. The new institution was a state bank; the old a national bank. Many of the essentials to a reorganization are wholly lacking. We have found that the petitioner on April 19, 1918, acquired by purchase all the assets of the National Bank. As additional consideration they assumed all the National Bank’s liabilities except those to its stockholders. In this purchase were acquired the bank building at a stated consideration of $67,600 and the deposit accounts at their book value. The bank building was carried on the books of the petitioner at the figure at which it was acquired until finally disposed of in 1921 for $100,000. The deposits were at all times reflected on the books of the petitioner at their book value. In 1921 the deposit accounts were sold at a premium of $64,000.
Section 202 (a) of the Revenue Act of 1921 provides:
That the basis for ascertaining- the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; * * *
Accordingly, the gain derived from the sale of the banking house is the difference between the selling price and the cost at acquisition, less depreciation, and as to the deposits since they were acquired at their book value and sold for a premium of $64,000, the entire premium represents gain on the transaction. This disposes of the first and last allegations of error.
As to the issues raised by the second and third allegations of error, the findings of the respondent should not be disturbed since he has computed the deficiencies in accordance with sections 327 and 328 of the Revenue Act of 1921. Where special assessment is applied the tax is computed by the use of comparatives rather than making *75 the adjustments as provided in the sections applicable to invested capital.
The fourth allegation of error-relates to the respondent’s computation of the excess-profits tax under the provisions of sections 327 and 328 of the Revenue Act of 1921, and it is there alleged that the tax as computed under these sections is excessive and contrary to the law. The petitioner introduced considerable evidence in support of its contentions in this respect. The case was tried before the decision of the Supreme Court in the case of Blair v. Oesterlein Machine Co., 275 U. S., 220, and in accordance with his practice at that time, the respondent offered no proof as to the proper comparatives. We are not wholly satisfied that the excess-profits tax should be computed by using the comparatives offered by the petitioner. Under such circumstances we believe the ends of justice will best be served by granting to both parties with respect to this issue the right to proceed under Rule 62 of this Board, promulgated on the 28th day of December, 1927, in so far as such rule is applicable. The pioof, if any is required, will be limited to the proper comparatives to be used in the computation of the excess-profits tax.
Reviewed by the Board.