## RYAN CAR CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4309.

Circuit Court of Appeals, Seventh Circuit.

Oct. 24, 1930.

James F. Spoerri, Sanders, Childs, Bobb & Wescott and Clarence N. Goodwin, all of Chicago, Ill. (Louis A. Gravelle, of Washington, D. C., of counsel), for petitioner.

John G. Remey, of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Morton Poe Fisher, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

ALSCHULER, SPARKS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.

Petitioner asked the Commissioner to assess its 1930 income tax under sections 327 and 328 of the 1918 Revenue Act (40 Stat. 1057). On his refusal so to do, it appealed to the Board of Tax Appeals. Limiting its inquiry to that single question, the Board heard evidence and sustained the action of the Commissioner.

Relying upon Blair v. Oesterlein Co., 275 U. S. 220, 48 S. Ct. 87, 72 L. Ed. 249, and Williamsport Co. v. U. S., 277 U. S. 551, 556, 48 S. Ct. 587, 588, 72 L. Ed. 985, the parties agree that the Board of Tax Appeals had jurisdiction to review the action of the Commissioner in his refusal to make the special assessment, but the Commissioner is here denying jurisdiction in this court.

In the Williamsport Case, the Supreme Court, referring to the Oesterlein Case, said: "We there held that the exercise of the judgment or discretion of the Commissioner to allow or deny the special assessment provided for in sections 327 and 328 was subject to review by the Board of Tax Appeals."

If that language means that the Board had jurisdiction to review the Commissioner's discretion to proceed or not to proceed under sections 327 and 328, and not that the Board had the discretion to review the assessment after it was made under those sections, we are not able to reconcile that holding with our understanding of the Oesterlein Case. But the Supreme Court has said that it did so hold, and the parties here agree that the Board had jurisdiction in this matter. Therefore we proceed on that theory.

The Commissioner denies the jurisdiction of this court largely on the authority of the Williamsport Case, whereof he says: "The question of special assessment is characterized as a 'power discretionary in character' which could only be performed 'by an official or body having wide knowledge and experience with the class of problems concerned'; and one in which the 'conclusions reached would rest largely upon considerations not entirely susceptible of proof or disproof.' The court concluded, therefore, that the problem had been confided by Congress to the Commissioner, and 'could not, under the Revenue Act of 1918, be challenged in the courts —at least in the absence of fraud or other irregularities.' "

The question there under consideration was whether the Court of Claims had jurisdiction of an action to recover taxes alleged to have been illegally collected under the 1918 act because the Commissioner had denied petitioner the right to have the tax specially assessed under sections 327 and 328. That action was brought in the Court of Claims fourteen months before the passage of the Revenue Act of February 26, 1926, which was the first act giving Circuit Courts of Appeals jurisdiction to review decisions of the Board. Section 1226, 26 USCA, being section 1003 of the Act of 1926 (44 Stat. 110), reads:

"(a) The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the board (except as provided in section 346 of Title 28) ; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 347 of Title 28.

"(b) Upon such review, such courts shall have power to affirm or, if the decision of the board is not in accordance with law, to modify or reverse the decision of the board, with or without remanding the case for a rehearing, as justice may require.".

That section was in no way considered in either of the cases above cited. Nearly two years after the passage of the act of 1924, creating the Board of Tax Appeals, the Congress made the above provision, by which the Circuit Courts of Appeals, with a single exception not here material, was vested with "exclusive jurisdiction to review the decisions of the Board." Broader language could not have been used to vest in the Courts of Appeals jurisdiction to review decisions of the Board. The first part of section 1226(b) is: "Upon such review, such courts shall have power to affirm." Here again broad language is used. Then follows the provision authorizing the courts, if the decision being reviewed "is not in accordance with law," to do "as justice may require." The right, if the case is not to be affirmed, to take any action that "justice may require," is in no way limited, except that the court must first find that the decision of the Board is not in accordance with law. There is not in this language anything to except from review in this court anything reviewable by the Board. We are of opinion that Courts of Appeals have jurisdiction to review any decision of the Board of Tax Appeals.

Petitioner relies upon two conditions in its business as establishing its right to have an assessment under sections 327 and 328. The first proposition is that, in computing invested capital, respondent excluded $1,500,-000 of petitioner's capital stock, which had

been issued for good will. Petitioner was in the car-repairing business, and the years in question here followed immediately after the return of the railroads by the government to their owners, when, because of the fact that repairs had not been kept up by the government, it was necessary to make such large repairs that all car-repairing concerns were doing business. Petitioner did business largely with the New York Central and the Pennsylvania Railroads. It appears that it got its business from those railroads because of the relation of three of its principal stockholders with officers of the railroads in question, and it was admitted, and it is also apparent from the record, that the influence, which the stockholders had with the officers of those railroads, probably could not be sold or passed on to any one else. There seems to have been, in addition to this fact, an absence of all evidence to establish a good will of any value, or at least of any considerable value.

The other element relied upon by petitioner is that the three stockholders in question rendered large service to the company for which they did not receive any salary. That service was what is commonly called a "pull" that those stockholders had with the railroad companies. It is urged that that "pull" took the place of the services of agents of other repair concerns, for which services those concerns had to expend large sums of money, and therefore there should have been taken into consideration what would have been fair compensation or salaries for the three stockholders in question.

We are of opinion that the Commissioner, and also the Board of Tax Appeals, had a broad discretion in determining the question as to whether there should or should not have been a special assessment under the sections in question, and that there is nothing in the record to indicate that the Commissioner and the Board did not exercise a fair and reasonable discretion in their determination not to allow the special assessment.

The decision of the Board of Tax Appeals is affirmed.