### BARNETTE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5945.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1931.

Frank J. Looney, of Shreveport, La. (Frank J. Looney, of Shreveport, La., and Holland & Strong, of Washington, D. C., on the brief), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. Riley Campbell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and J. P. Jackson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Nathan Gammon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This petition for review concerns the income taxes for 1921 of J. M. Foster and W. A. Wilkinson, and turns on oil royalty transactions had in partnership with F. J. Looney. The three claimed certain royalty interests in Louisiana oil lands under one title, and West, Goldstein & Walker claimed royalty interests in the same lands arising under an adverse title. The opposing claimants of title were engaged in litigation. The above-named claimants of inconsistent royalty rights compromised their dispute by a writing signed by them all in the form of a recorded deed, the effect of which was to allow West, Goldstein & Walker to have the royalties until $200,000 was realized, after which Foster, Looney & Wilkinson were to have them. The collector of internal revenue construed the instrument as a purchase by Foster, Looney & Wilkinson for $200,000.00 of an outstanding title, thereby making a capital investment of that sum, while they remained at all times the owners of the royalty right, so that the oil which went to pay the $200,000 was considered income chargeable to them as owners, subject to depletion allowance. This decision was contested separately by all three, Looney paying his tax and suing for recovery in the District Court [26 F.(2d) 481], Foster and Wilkinson seeking redetermination by the Board of Tax Appeals. Looney's Case came by appeal to this court. United States v. Looney, 29 F. (2d) 884. It was there held that the true effect of the compromise was to divide the subject of dispute by giving the royalty right to West, Goldstein & Walker until they realized $200,000, after which it was to vest in Foster, Looney & Wilkinson, so that Foster, Looney & Wilkinson did not own the royalty right during the year 1921, for West, Goldstein & Walker were still getting the oil, and the income from the royalty right for that year was that of West, Goldstein & Walker and not of Foster, Looney & Wilkinson.

No question regarding depletion was decided. The Board of Tax Appeals followed the decision of this court in redetermining the taxes of Foster and Wilkinson, ordering the elimination as income of the oil which West, Goldstein & Walker had received, but which the Commissioner had added to the returns. 16 B. T. A. 1390. The Board, however, found that the Commissioner, in adding the oil to the income, had also increased the deduction allowed for depletion at a stated amount per gallon, and it ordered a correction of this deduction also, so that the net reduction of taxable income was only the value of the oil less the depletion allowed in respect of it. This action was

clearly right. It having been decided at the instance of the taxpayers that they were not the owners of the royalty right at the time the oil in question was taken, so that it was not their income, it follows that they are not entitled to allowance for the resulting depletion. Depletion is allowed to him who at the time owns the royalty right. Pugh et al. v. United States (C. C. A.) 49 F.(2d) 76, this day decided. While the taxpayers had sought only a correction in the income charged to them, it was the duty of the Board to make all resulting adjustments and to restate the true tax. There was no error in correcting the depletion allowance also. Blair v. Oesterlein Co., 275 U. S. 220, 227, 48 S. Ct. 87, 72 L. Ed. 249.

Petition denied.