**Lorn D. FRAZIER and wife, Camille Frazier, Plaintiffs,**

v.

**Robert L. PHINNEY, Defendant.**

**Civ. A. No. 12591.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 12, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski (Charles W. Hall and C. W. Wellen), Houston, Tex., for plaintiffs.

Charles Mehaffy, Tax Division, Department of Justice, Washington, D. C., and William B. Butler, U. S. Atty., and Myron M. Sheinfeld, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court upon plaintiffs' motion to produce documents, namely, any and all revenue agents' reports made with respect to defendant's examination of the income tax returns for the calendar years 1953 and 1954, respectively, of plaintiffs, and any and all other documents pertaining to the basis of the deficiencies asserted by defendant against plaintiffs for such years.

Alleging jurisdiction for refund of tax under 28 U.S.C. § 1340, plaintiffs claim that defendant notified them on April 14, 1958, that assessments of income tax deficiencies plus 50% fraud and understatement of estimated tax penalties had been made against them for the calendar years 1953 and 1954, that the alleged deficiencies, penalties, and interest were

paid under protest by plaintiffs to defendant on April 18, 1958, that claims for refund were filed on April 19, 1958, that defendant has not mailed notice of disallowance of the claims for refund, and that, as of the date of filing the complaint, more than six months had expired from the date of filing the claims for refund. Defendant admits these allegations in his answer. Jurisdiction clearly lies in this court over these claims.

Plaintiffs contend that defendant has given no explanation whatsoever for these alleged deficiencies and penalties, stating only that "this determination of your income tax liability has been made on the basis of information on file in this office." They allege that they made many requests for an explanation and for a statement of facts upon which the alleged deficiencies were based and that all such requests were summarily refused by defendant. They claim that whatever tax controversies, civil or criminal, concern the corporate income taxes of Farnsworth & Chambers Company, Inc., the corporation of which plaintiff Lorn D. Frazier is an officer, these plaintiffs are entitled to a speedy adjudication of their individual income tax liabilities. In their motion for production of documents they contend that the requested revenue agents' reports are not privileged, that such documents constitute or contain evidence relating to matters within the scope of examination permitted by Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C., that such documents are in defendant's possession, custody or control, and that there is good cause for the production by defendant of such documents because they form the basis of the alleged tax deficiencies and penalties asserted against plaintiffs by defendant.

Defendant denies plaintiffs' allegations in their motion for production of docu-

ments and further alleges that the documents sought to be inspected and copied by plaintiffs are privileged and that plaintiffs have not attempted to obtain the documents or the information through prescribed channels by making written request of the Commissioner of Internal Revenue. As authority for his position, he cites Treasury Regulations (1954 Code), Statement of Procedural Rules, Sections 601.701 and 601.702, 26 Code of Federal Regulations, pp. 881, 882 and 883, and 20 Federal Register 4642, June 30, 1955; also Article 80, Regulations 12 (1958 P–H par. 17,965), as amended by T.D. 4640 XV–1, Cum. Bull. 495 (1936) and T.D. 5428, Cum. Bull. 462 (1945); and Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, and United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L. Ed. 417.

Defendant also contends that any officer or employee of the Federal Government who discloses information of the sort desired and sought by plaintiffs is subject to criminal prosecution under 18 U.S.C. § 1905 and 26 U.S.C. §§ 55(f) and 4047(a), now 26 U.S.C. § 7213. Citing indictments for tax evasion against the officers of Farnsworth & Chambers Company, Inc., including plaintiff Lorn D. Frazier,[1] defendant maintains that plaintiffs' motion to produce documents is simply an attempt to obtain information and Government evidence in the above-mentioned criminal action which could not be obtained in that criminal action.

In the opinion of the court plaintiffs' motion to produce documents should be granted. By assessing and collecting the alleged income tax deficiencies, penalties, and interest, defendant laid the necessary basis upon which plaintiffs could invoke the jurisdiction of this court. If defendant had not assessed and collected

---

[1]. Frazier was convicted upon his plea of nolo contendere and sentenced to a term of imprisonment. An appeal was taken therefrom and is pending in the Court of Appeals.

such amounts, he might contend that this court did not have jurisdiction and might refuse to discuss the basis for such alleged tax deficiencies until all criminal actions related there to have been disposed of. But by permitting plaintiffs to obtain the jurisdiction of this court, defendant gave them the right to proceed expeditiously with the adjudication of their tax liability and to use all discovery procedures permitted by the Federal Rules of Civil Procedure. Thus defendant cannot deny plaintiffs access to the requested agents' reports solely on the ground that they might obtain information and Government evidence intended for use in a pending criminal action. This motion for production of documents will be considered, therefore, solely upon established criteria under the Federal Rules of Civil Procedure.

 The court will consider first the issue of privilege claimed with respect to these documents. Plaintiffs have alleged that the revenue agents' reports are not privileged. Defendant has denied this allegation and has asserted the "government files privilege". The court will confine its discussion to that privilege. The primary authorities cited by defendant for his claim of privilege are Sections 601.701 and 601.702 of the Treasury Regulations (as set forth in Federal Tax Regulations, 1959, prepared by U.S.Code Cong. & Adm. News) and Article 80, Regulations 12, as amended. These regulations are not applicable to the present case.

Sections 601.701 and 601.702 concern "matters of official record in the Internal Revenue Service," giving a list including such matters of official record and setting forth the procedures for requesting inspection of various types of official records. The definition of "matters of official record" does not include revenue agents' reports. These regulations, which include the procedure by which requests for information in connection with matters of official record are addressed to the Commissioner of Internal Revenue, therefore, are not relevant here.

Article 80, Regulation 12, as amended, concerns custody and control of records by officers of internal revenue "for governmental purposes only" and governs the production of such records in state court proceedings. It is apparent that this regulation only protects records of the I.R.S. from indiscriminate public inspection for other than governmental purposes and applies only to state court proceedings, rather than to federal court proceedings, in which the United States is a party in interest. The cases of Boske v. Comingore and United States ex rel. Touhy v. Ragen, supra, likewise concerned only proceedings in the state courts.

Production of the revenue agents' reports will not subject any officer or employee of the Federal Government to criminal prosecution. Both 18 U.S.C. § 1905 and 26 U.S.C. § 7213, cited by defendant as authority for the imposition of criminal liability upon anyone disclosing this information, apply only to the disclosure of information in any manner or to any extent *not authorized or provided by law*. The Supreme Court has ruled that the phrase, "not authorized (provided) by law," permits disclosures ordered in a judicial proceeding. In other words, if a Federal Court orders disclosure, through subpoena or otherwise, that is a disclosure "authorized (provided) by law." Hence, in the present case production of the revenue agents' reports will not subject any federal officer or employee to criminal prosecution. Blair v. Oesterlein Mach. Co., 1927, 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249. Since none of the authorities cited by defendant are applicable to the present case, no "government files privilege" can be asserted, and the documents requested will be considered not privileged.

 The court will consider next the issue of good cause for production of these documents. Plaintiffs allege that such documents form the basis of the

**410**

alleged tax deficiencies and penalties asserted against them by defendant. Without such documents, they state, there is no way in which plaintiffs or the court can be apprised of the true nature of the controversy at bar. Defendant has denied generally this allegation.

■■ Read in the context of their complaint, plaintiffs' allegation of good cause is sufficient, since plaintiffs have alleged in their complaint that defendant has refused even to discuss the matter or have a conference with them regarding the alleged tax deficiencies. In his answer defendant stated that he is without knowledge or information sufficient to form a belief as to the truth of this allegation and, therefore, does not specifically deny that it is true. It has been shown that there is sufficient necessity for the production of these documents and that denial of production would unduly prejudice the preparation of plaintiffs' case and cause them hardship or injustice. Hickman v. Taylor, 1946, 329 U.S. 495, at page 509, 67 S.Ct. 385, 91 L.Ed. 451. It cannot be argued that the basis for their alleged tax deficiencies is peculiarly within the knowledge of plaintiff taxpayers and that they know, as well as the Government can know, why deficiencies were assessed against them. Plaintiffs are entitled to know what defendant's claims and contentions may be. Defendant cannot prevent speedy adjudication of plaintiffs' alleged tax deficiencies by refusing to give them any information at all.

■ Defendant's contentions that these documents are not relevant or are not within his custody or control are not well considered, particularly with reference to the latter contention, if he stated that "this determination of your income tax liability has been made on the basis of information on file in this office."

Plaintiffs' motion to produce documents will be granted. The clerk will notify counsel to draft and submit appropriate order.