John Robert Bensmiller v. Commissioner.
Bensmiller v. Commissioner
Docket No. 135-62.
United States Tax Court
T.C. Memo 1964-133; 1964 Tax Ct. Memo LEXIS 202; 23 T.C.M. (CCH) 808; T.C.M. (RIA) 64133; May 12, 1964
John Robert Bensmiller, pro se, 10859 Gilchrist, Detroit, Mich. Ralph A. Anderskow, for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1960 in the amount of $132. Petitioner claimed an overpayment of $62.20 in his 1960 return. This amount has not been returned to petitioner. The issue for decision is whether petitioner has met the burden of proving that he furnished over one-half of the support of his infant son during the calendar year 1960. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. Petitioner, John Robert Bensmiller, resided at 18059 Gilchrist, Detroit 35, Michigan, and now resides at 11019 Southworth, Plymouth, *203 Michigan. He filed his income tax return for the 1960 calendar year (on a cash basis) with the district director of internal revenue at Detroit, Michigan. Petitioner was married on June 9, 1951, to Julianne R. Bensmiller, hereinafter sometimes referred to as Julianne. One child, John David, was born of this marriage on December 5, 1954. Petitioner and Julianne separated on May 10, 1957, and lived apart thereafter. Petitioner was divorced from Julianne by final decree of divorce of the Circuit Court for the County of Wayne, State of Michigan, in Chancery, as entered on January 2, 1958. Pursuant to the provisions of the divorce decree the petitioner conveyed over to Julianne all his right, title, and interest in a house, their former home, situated in the Detroit suburban residential area at 4652 Raymond, Dearborn, Michigan. This is a single, frame house consisting of six rooms. In addition, the furniture and household goods were awarded to Julianne. The divorce decree provided that the petitioner pay the sum of $12.50 each week for the support of the child, John David. Upon the divorce decree provisions, the exclusive custody of John David was awarded to Julianne subject *204 to the right of the petitioner to visit with the child at specified times during the year. During 1960 the petitioner made child support payments to Julianne through a "Friend of the Court," pursuant to the divorce decree provisions, to the extent of $530. Until August or September of 1960 Julianne and John David, the child, resided at 4652 Raymond, Dearborn, Michigan. For the latter part of 1960 they resided in a New York City suburb with Julianne's brother in his home at 70 Pinewood Gardens, Hartsdale, New York. During part of the year 1960 Julianne was employed sporadically in or nearby Detroit as well as in or nearby New York City. The deficiency determined against the petitioner for 1960 was based upon the respondent's determination that the petitioner's dependency exemption for his son, John David, as reported on the petitioner's Federal income tax return, was not allowable because the petitioner did not contribute over one-half of the total support of the child. In his 1960 Federal income tax return the petitioner claimed an overpayment in the amount of $62.20, all of which is in dispute and has not been returned to petitioner. The total amount expended for the support *205 of John David during the taxable calendar year 1960 cannot be ascertained from the record here presented. The petitioner has failed to establish that he contributed in excess of one-half of the total amount expended for the support of John David during the taxable calendar year 1960. Opinion The burden of proof in this case rests with petitioner. For him to prevail, he must establish that he furnished more than one-half of the support of his son, John David, for the calendar year 1960. See sections 151 and 152 of the Internal Revenue Code of 1954. As set forth in our Findings, petitioner contributed $530 to the support of his son for 1960. There is no evidence in the record, however, from which we may find the total amount of the child's support received in 1960 and we, therefore, must conclude that petitioner has failed to establish that more than half of such support was received from him. Petitioner claims that the mother did not earn very much in 1960; that she was sick during part of that year; and that the several jobs she took were sporadic and occasional. Petitioner argues, therefore, that it may be inferred that the mother could not have earned *206 enough to permit her to contribute as much as petitioner did. The record gives some support to this view, as far as it goes, but it fails to recognize that there is at least one more factor to be considered. Julianne owned the house at 4652 Raymond, Dearborn, Michigan, which she and her son (and during part of the time her parents) occupied from prior to January 1, 1960, to August or September of that year. The property was a single, frame house consisting of six rooms. There is nothing in the record which establishes the fair rental value of the house, or the fair rental value of such portion of it which may have been allocable to the support of the child. Although of lesser significance, the same problem arises with respect to the furniture and household goods. We realize, of course, that the burden faced by petitioner is difficult to meet in many cases, but we must apply the law to the particular facts (or the lack of them) as presented in the particular case. And in this one, we have no evidence upon which we can measure the fair rental value of the property from either the over-all perspective or that of allocation to the child. Under the circumstances, we must find that *207 petitioner has failed to meet his burden of proof and we must hold for respondent. For completeness, we refer to petitioner's position on brief to the effect that under the authority of Blair v. Oesterlein Co., 275 U.S. 220 (1927), respondent should be required to produce Julianne's return for 1960. We need not go into the merits of the issue since petitioner has taken no timely action to cause a subpoena to be served and has not otherwise complied with our Rule 44 on issuance of subpoenas. Decision will be entered under Rule 50.