This appeal arises out of a cause of action joining the claims of a stockholder's derivative action and an action for abuse of process. After judgment for the plaintiff on both claims, the defendants bring this appeal. The issues presented on appeal involve: the reading, at trial, of certain depositions and testimony given in a previous distinct and separate trial; testimony given by an Internal Revenue Service agent concerning defendant Rigsby's income; the statute of limitations on the abuse of process claim; whether a previous proper and legal judgment can give rise to a valid abuse of process claim; and whether the evidence presented at trial supports the findings and orders of the trial court
After hearing this case ore tenus the trial court made the following findings of fact:
In 1971 Farm Country Homes, Inc., was incorporated by the appellant, Robert Rigsby, his wife, Dorothy, and their son. At that time, Robert and Dorothy conveyed to Farm Country Homes, Inc., their homeplace, which was their only asset. Robert, as president of the corporation, then proceeded to operate the corporation as a sole proprietorship, utilizing the homeplace as the only asset of the corporation and as security for loans to raise money to operate the business. In running the corporation, Robert commingled the income and assets of the corporation with his own personal income and assets and continued this method of operation through 1975. During this period, Dorothy was the owner of 1% of the stock in the corporation
In 1976, the Rigsbys obtained a divorce. As part of the divorce decree, Dorothy was awarded an additional 25% interest in the corporation, making her total interest as a shareholder in the corporation 26%
Robert remained president of the corporation and, at all times, treated the corporation as his personal property. He did not keep any separate books or records of the corporation nor did he keep any separate bank accounts. During his tenure as president of the corporation, Robert also committed numerous acts in violation of the fiduciary duty which he, as an officer and director of the corporation, owed to the corporation and its stockholders
One of these acts, which was not only in violation of his aforementioned fiduciary duty but also gave rise to the abuse of process action, was the conveyance of certain corporate property, previously referred to as the homeplace. On March 9, 1976, Dorothy filed for the divorce. Robert was served with the papers on March 18, 1976. There was submitted to the court a deed purportedly executed on January 9, 1976, whereby Robert conveyed the homeplace to co-appellant, Charles Ray, Jr. This deed, however, was not recorded until April 9, 1976. Allegedly, Ray loaned Robert $20,000 as consideration for the transfer of the homeplace to him, but no receipts or records were kept of this transaction. Thereafter, *Page 575 
Ray and Robert engaged in a scheme to defraud Dorothy of the alimony payments which Robert owed her. This was accomplished by Ray's filing an ejectment action against Dorothy and obtaining a judgment against her for $2,750 as rent on the homeplace. Pursuant to this judgment, Ray garnisheed the alimony payments that Robert owed Dorothy. Robert honored the garnishment and allegedly paid Dorothy's next eleven months alimony payments to Ray., Ray later conveyed the property to a third party for $60,000 and, after paying off an existing mortgage, gave the balance of the money to Robert
Based on these and other facts, the trial court determined that Robert, as officer and director of the corporation, had converted, misused and misappropriated a total of $211,045.96 of corporate assets to his own use and entered judgment against Robert in that amount. The court further held: in order to end the lack of management of the corporation; to end the fraudulent and oppressive conduct of Robert; and to end the misapplication and wasting of corporate funds, the corporation should be liquidated as allowed by § 10-2-204, Code of Alabama 1975
The court further held that appellants Robert and Ray had committed an abuse of process in the ejectment and garnishment actions that arose out of the conveyance of the homeplace and awarded judgment for Dorothy against them in the amount of $10,000
During the course of the trial, appellee, Dorothy, over Robert's objection, was permitted to read into evidence excerpts from testimony taken during the parties' previous divorce hearing. The testimony dealt with Robert's income and assets and how they were commingled with the assets of the corporation. Later, however, the court reversed its ruling to allow this prior testimony and made the following statements:
 THE COURT: Let me make a ruling for the record Yesterday I allowed in some reading from some depositions and a transcript from a prior trial, over objections of the defendants. I think that was an error on my part and I am reversing that ruling and I am sustaining the objections to the reading of those depositions and excluding that evidence from my consideration in this case
Robert asserts that this prior testimony was totally irrelevant and had no place in the trial at hand, and that the trial court committed reversible error by allowing it to be read at trial
Without discussing the issue of whether the prior testimony was or was not proper evidence in this trial and whether it should or should not have been admitted, we dispose of this contention on the basis that the trial court ultimately decided this issue in favor of the appellant. Thus, we find no adverse ruling on which the appellants can lodge this appeal. SeeThompson v. Magic City Trucking Service, 275 Ala. 291,154 So.2d 306 (1963). Also, there was sufficient evidence presented at trial in addition to this prior testimony, which the trial judge ultimately excluded, to support the final findings of the trial court. There is no reversible error found in the fact that the trial judge first heard this evidence and then decided to exclude it
During the trial, an agent of the Internal Revenue Service was called and, over Robert's objection, was allowed to testify to matters concerning Robert's income. Robert claims this testimony violated federal statute 26 U.S.C.A. § 7213 (a)(1), which provides that:
 It shall be unlawful for any officer or employee of the United States to divulge or to make known in any manner whatever not provided by law to any person the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income return, or to permit any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law. .
This contention is not well taken. The purpose of this statute is to prevent the disclosure of confidential information to those who do not have a legitimate interest *Page 576 
therein. Kingsley v. Delaware, Lackawanna Western R. Co.,20 F.R.D. 156 (S.D.N.Y. 1957). The prohibition is limited to disclosures made "in any other manner than may be provided by law" and is not deemed to forbid disclosures made pursuant to process lawfully issued in a judicial proceeding. Blair vOesterlein Machine Co., 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249
(1927)
Co-appellants, Robert and Ray, appeal from the judgment on the abuse of process claim on two bases. First, they submit that the action was barred by the statute of limitations Finding nothing in the appellants' pleadings or in the trial record to suggest that this issue was raised at trial, we refuse to consider it on appeal. It has long been the law of this state that, under most circumstances, where the statute of limitations is not put in issue in the pleadings it will not be considered on appeal. Sands v. Hammell, 108 Ala. 624,18 So 489 (1895). See also Rule 8, A.R.C.P. Appellants present nothing here to convince us that exception to this rule should be made in this case
Appellants, Robert and Ray, also assert that the abuse of process judgment is improper because it arises out of an action whereby a valid and legal judgment was obtained. An abuse of process action, however, presupposes an originally valid and regular process, duly and properly issued, and the validity of the process is no defense to an action for its abuse. 72 C.J.SProcess, § 120 (1951). It is the malicious perversion of a regularly issued process to accomplish a purpose whereby a result not lawfully or properly obtainable under it is securedDuncan v. Kent, 370 So.2d 288 (Ala. 1979); Dickerson vSchwabacher, 177 Ala. 371, 58 So. 986 (1912)
The fact that the trial court determined the transaction between Robert and Ray to be entirely fraudulent and deceitful and that the subsequent garnishment and ejectment constituted the same is sufficient to sustain the abuse of process judgment even though the judgment for the ejectment and garnishment arose out of a proper and legal process
Finally, the appellants contend that the verdict of the trial court is contrary to the evidence presented at trial and should be reversed. As this Court has stated on numerous occasions, the decree of a trial court sitting ore tenus carries with it a presumption of correctness and will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Gertz v. Allen, 376 So.2d 695 (Ala. 1979). We find nothing in the record nor in the appellants' brief sufficient to overcome this presumption of correctness
Careful review of all the facts and issues presented on this appeal reveals no adequate grounds for reversal. This being our determination, we affirm the findings and decree of the trial court
AFFIRMED
JONES, SHORES, BEATTY and ADAMS, JJ., concur