The Honorable Jim Argue, Jr. State Representative 5905 Forest Place, #210 Little Rock, AR 72207-5245
Dear Representative Argue:
This is in response to your request for an opinion regarding A.C.A. §16-65-122 (Supp. 1995), which provides:
 The records of all personal judgments rendered in circuit, chancery, or probate court shall contain the social security number of the judgment debtor unless otherwise prohibited under federal law or the social security number is unavailable. [Emphasis added.]
You note that in connection with loan activities, lenders usually require prospective borrowers to provide social security numbers as a condition to any loan. You have asked:
 Assuming that a lender must file suit to collect a loan and the lender has borrower's social security number on file, does the lender's compliance with [§ 16-65-122] violate federal law?
It is my opinion that the answer to this question is "no." According to my research, federal law would not prohibit inclusion of the borrower's social security number in the judgment record. Federal statutes governing the confidentiality of tax returns or return information generally protect tax information from disclosure by the government. See26 U.S.C. §§ 7213(a) and 6103(a). See generally United States v. Liebert,383 F. Supp. 1060 (E.D. Penn. 1974). Thus, I do not believe a lender has violated federal law when he obtains a social security number from a borrower and then makes it part of the record in a collection action.
It should perhaps be noted in this regard that I have considered the possible application of the federal Privacy Act in connection with the initial request for the borrower's social security number. If, in fact, the circuit, chancery, or probate court is requesting an individual to disclose his social security number, Section 7 of the Privacy Act (section 7 of Pub.L. 93-579, found at 5 U.S.C. 552a note), must be considered wherein it places limits on a federal, state or local government agency's ability to require individuals to disclose their social security numbers to the government. Section 7(b) provides that:
 [a]ny Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
5 U.S.C. § 552a note.
With regard to the applicable definition of "agency" under this provision, Section 552a(a)(1), the definitional portion of § 552a, provides that the term "agency" means "agency as defined in section 552(e) of this title[.]" 5 U.S.C. § 552(a)(1).[1]
Section 552(e), now codified as § 552(f) (see n. 1, supra), provides:
 [T]he term `agency' as defined in section 551(1) of this title includes any executive department, military department, government corporation, government controlled corporation, or other establishment in the executive branch of the government (including the Executive Office of the President), or any independent regulatory agency.
5 U.S.C. § 552(f).
It has been noted that some ambiguity is generated by the Privacy Act's incorporation of these older and broader statutes which apply exclusively to federal agencies. SeeKrebs v. Rutgers, 797 F. Supp. 1246 (D.N.J. 1992). Regardless, however, of the difficulty in ascertaining how state and local "agencies" are to be identified for purposes of Section 7 of the Privacy Act (see Krebs, supra), it seems clear that this provision does not apply to state or local courts, as the courts are not part of the executive branch nor are they independent regulatory agencies. See5 U.S.C. § 552(f).
Thus, even if it is assumed that the debtor's social security number is being requested by or on behalf of the court, I do not believe Section 7 of the Privacy Act will be applicable.
As a final note, reference should be made to a 1990 amendment to the federal Social Security Act which prohibits release of social security numbers that are "obtained or maintained by authorized persons pursuant to any provision of law enacted on or after October 1, 1990. . . ."42 U.S.C. § 405(c)(2)(C)(viii)(I). "Authorized person" includes "an officer or employee of any state, political subdivision of a state, or agency of a state or political subdivision of a state, and any other person (or officer or employee thereof) who has or had access to social security account numbers or related records pursuant to any provision of law enacted on or after October 1, 1990. . . ."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Subsection (e) of § 552, which is part of the federal Freedom of Information Act, was redesignated as subsection (f) under a 1986 amendment. See Pub.L. 99-570, § 1802(b).