GEORGE D. ROSENBAUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALFRED LOUIS STAMM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21840, 21841. Promulgated April 7, 1952.

*Bernard Wall, Esq.*, for the petitioners.
*Thomas R. Charshee, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* These proceedings involve directly only two individuals, but indirectly other individuals and several successive partnerships.

The petitioners were the senior partners in a partnership organized in 1936 to conduct a brokerage business. The petitioners supplied the capital. They associated others with them as junior partners under an arrangement which included sharing profits and losses. A part of the business of that partnership was trading in securities on its own account, and that part of the business resulted in losses in the years 1937 through 1939. Such losses, because of the profit and loss sharing arrangement, resulted in the junior partners' accounts showing debit balances in each year through 1939. At the end of 1939, the partnership expired by limitation. Thereupon, the petitioners, again as senior partners, and two of the junior partners, again as juniors (and one other junior), formed a new partnership. The new partnership did not acquire the unsold securities that were in the trading accounts of the old partnership. It did, however, record them in what was called a liquidating account. Also, it acquired as part of its capital the interests of the petitioners in that liquidating account.

The new partnership was succeeded by others, which is immaterial for the purposes of these proceedings as the senior and junior partners continued in those capacities, and the liquidating account persisted as such through the successive partnerships. The liquidating account was operated as a joint venture for the benefit of the petitioners and their junior associates, Samuel S. Lerner and Harry Rosenbaum. Its operations were financially successful, but at the end of 1944 the accounts of the juniors still showed substantial debit balances. In order to still the objections of the juniors against this condition of their accounts, and in order to retain their services in the partnership, the seniors entered into compromise agreements with them in December 1944. The details of these agreements are set forth in our

original findings of fact. The result was that the juniors were released from liability for the debit balances in their accounts and they released their interests in the liquidating account.

In the motion for rehearing and reconsideration, the petitioners take exception to statements in our opinion which indicate that at the time the compromise agreements were entered into in 1944 the firm of A. L. Stamm & Co. as then constituted had an interest in the liquidating account. The statements referred to were based on the stipulated facts that when the compromise of December 12, 1944, was entered into "the value of the firm's equity in the December 31, 1939 account was $27,378.22" and that on December 29, 1944, the date of the second compromise agreement, "the value of the firm's equity in the December 31, 1939 account was $60,656.35." At the second hearing, evidence was introduced designed to show that what the petitioners meant by the word "equity" in the stipulation was the excess of market value of securities in the liquidating account over the cost of such securities. Our supplemental findings, based on the evidence at the second hearing, clarify these matters. There was also evidence to the effect that upon termination of the old partnership at December 31, 1939, and the formation of the new partnership, the securities in the trading accounts which were transferred to the liquidating account became the property of the senior partners and the securities as such did not go over to the new partnership as partnership assets. However, there is evidence that although the new partnership did not acquire securities in the liquidating account, the capital contributions of the petitioners included whatever interest they had in that account.

The evidence in the record of the second hearing does not change the basic facts as established at the first hearing, and does not warrant changes in our original facts as requested by the petitioners.

The petitioners claim deductions for the amounts of the debit balances of Samuel S. Lerner and Harry Rosenbaum that were released in 1944 as losses sustained, bad debts, or ordinary and necessary expenses.

In our prior report, we held that deductions were not allowable on any of the grounds claimed. One of the grounds for denial of the deductions was that we regarded the 1944 releases as enlarging the interests of the seniors in the partnership. The petitioners argue against this view because of the termination of the old partnership at the end of 1939, and on the contention that the succeeding partnerships had no interest in the liquidating account. Whether the securities in the liquidating account became technically the property of the partners on termination of the old partnership or, as the record indicates, some interest in the account went over to succeeding partnerships as capital contributions of the partners, the 1944 releases

would seem to have resulted in an enlargement of the property interests of the petitioners. The juniors each had a 5 per cent interest in the profits of the operations of the liquidating account, and those operations had been successful in 1944 and in several prior years. When those interests were released by the juniors, the interests of the seniors were proportionately enlarged. In this view, the seniors, by canceling the debit balances of the juniors in exchange for release of the latters' interests, were making a purchase of property upon which neither gain nor loss is recognizable.

In considering the bad debt claim in the prior report, we pointed out that we did not have before us a situation of a strict debtor-creditor relationship, but rather a compromise between partners within the firm, carried out by means of a reallocation or readjustment of partnership interests. Even should we disregard the new partnership and its interest in the liquidating account, the fact remains that the account was operated by the petitioners and their junior associates in interest as a joint venture and the profits were reported as profits from a partnership. As to the participants, it was a partnership, and not a debtor-creditor relationship. The 1944 liquidation of the interests of the junior partners did not give rise to bad debt deductions by the petitioners who continued the operation of the business as a partnership between themselves with the same securities as before.

Neither do we see, any more than we did previously, any ground for an expense deduction. The juniors had not been, and were not in the taxable year, employees of the petitioners, even though their business association was of long standing. The petitioners were desirous of having the juniors remain with the partnership of which all were members, but that does not establish an employee-employer relationship.

The 1944 transactions effected a reallocation of the interests of the parties in the liquidating account and did not give rise to any deductions allowable under the provisions of the Internal Revenue Code. We adhere to our former conclusion.

*Decisions will be entered under Rule 50.*