**UNITED STATES of America**
v.
**Burton SPEAR.**
**Crim. No. 74-230.**

United States District Court,
E. D. Pennsylvania.

May 23, 1974.

Robert C. Ozer, Philadelphia, Pa., for defendant.

Robert E. J. Curran, U. S. Atty., Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for the U. S.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The present case is a prosecution for failure to file income tax returns for the years 1970 and 1971. On April 19, 1974, defendant Burton Spear filed a motion for discovery of various government documents. This motion was supplemented by another discovery motion filed on May 6, 1974. Although defendant's supplemental motion avers that defendant has not received from the government computer print-outs and statements of account of the defendant's own tax account for years 1970, 1971, 1972, and 1973, the government's response to defendant's supplemental motion for discovery states that such material has been sent to defendant, possibly subsequent to the date that defendant filed his supplemental motion. Such information is discoverable, and will not be ordered based on our confidence that it has already been provided to the defendant.

Defendant's second discovery request, made through both discovery motions, involves the record keeping procedures which are used with Internal Revenue Service forms 3941 and 4901. The defendant states that these forms are routinely sent to persons from whom tax returns are due but who have not filed returns for the previous year. The names of persons to whom these notification forms are sent are recorded on a list which is kept in a computer. Defendant contends that a portion of this list which includes defendant's name will be introduced into evidence by the government to show that notification was sent to and probably received by defendant and that defendant's failure to file thereafter was willful. Defendant seeks to obtain and examine this entire list in order to inquire of the persons on the list whether or not they actually received these notification forms. Defendant hopes, of course, that the result would be a picture of wide-spread failure of the notification to reach its destination.

Although a showing by defendant that large numbers of the persons on this list failed to recieve notification would bear on the question of whether or not he received notification, we feel that the invasion of confidentiality and privacy that this type of discovery would entail far outweighs the degree of relevancy it might have to defendant's case. In fact, there seems to be an inverse relationship between these two interests: in order for this material to be relevant, defendant would have to show that large numbers of the persons on this list had not received notice, and this information could only be achieved by disturbing the confidential relationship between the government and a large number of citizens. The more relevant the defense, the more wide-spread the invasion of privacy and confidentiality.

Still another reason why the defendant's discovery motion should be denied is found in the Internal Revenue Service regulations, specifically the regulations which vest in the Internal Revenue Commissioner the authority to determine whether the Service will be permitted to disclose Internal Revenue records or information in response to a demand for such records or information. 26 C.F.R. 301.9000–1. According to the government, the defendant's discovery request has been transmitted to the Commissioner for his decision on disclosure, and the Commissioner has determined that in the proper exercise of his discretionary powers he will not release the requested documents and information. The government states that it is the Commissioner's belief that to release this information would be an invasion of privacy of the other taxpayers on the list, many of whom appear on the list as non-filers although they have fully complied with the law. (This situation can occur when a taxpayer has moved and filed in another district, when a female taxpayer has married and thus changed her name, when a taxpayer's income has dropped below the amount which requires him to file a return, when a taxpayer has died, and for many other reasons). In addition, according to the Commissioner, the efficiency of the Internal Revenue Service in enforcing the tax laws would be impaired by disclosure of this information because the existence of some current intelligence investigations might be revealed and confidentiality of certain internal IRS practices and procedures breached.

Defendant asserts that he should be given access to forms 3941 and 4901 lists because the names contained on them could be arrived at from comparisons of lists of taxpayers which are public, and that by turning over the lists rather than forcing defendant to compile them himself, the Court will not be breaching any confidentiality and will be merely expediting the trial. Defendant apparently bases this presumption on 26 U.S.C. § 6103(f) which required the Commissioner of the Internal Revenue Service to make public lists of all taxpayers for each year. By comparing these public lists, defendant asserts, he could independently arrive at the names of those who had not paid taxes for a particular year and to whom notice of non-filing had probably been sent by the Internal Revenue Service. However, the statute requiring this disclosure was amended in 1966 (Public Law 89–713) to eliminate the obligation of the Internal Revenue Service to compile and make public lists of filing taxpayers. Therefore defendant's argument that the notification lists are de facto public is erroneous.