UNITED STATES of America, Plaintiff,

v.

Steven Ray ROBERTSON, Defendant.

No. CR–F–85–112 REC.

United States District Court,
E.D. California.

Feb. 19, 1986.

---

Donald B. Ayer, U.S. Atty., Adam Kurland, Asst. U.S. Atty., Fresno, Cal., for plaintiff.

Paul Hinkly, Fresno, Cal., for defendant.

## ORDER RE DEFENDANT'S MOTION FOR SUPPLEMENTAL DISCOVERY

COYLE, District Judge.

### I.

On December 23, 1985 the court heard defendant Steven Ray Robertson's motion for supplemental discovery, brought pursuant to Rule 16(a)(1)(C), Federal Rules of Criminal Procedure.[1] By this motion defendant seeks court order to discover, inspect, and copy:

(1) Legible copies of 106 W–2 forms and all related returns and documents submitted to the IRS therewith; and

(2) All documents initiated, generated, or otherwise processed by IRS in regards to these 106 W–2 forms and returns, such as checks, drafts or other negotiable instruments.

Because the motion raised difficult questions regarding the scope of Rule 16 which were not fully addressed at the hearing, the court on January 24, 1986 set the matter for further hearing on February 3, 1986 and requested additional briefing on sever-

al specific concerns. The court has reviewed the written and oral arguments of the parties in great depth, and concludes that the motion for supplemental discovery must be denied.

### II.

The indictment charges defendant, an inmate at the Texas penitentiary at Huntsville, Texas, with one count of conspiracy to defraud the United States, three counts of receiving stolen government property and aiding and abetting, and three counts of mail fraud. The charges arise out of an alleged scheme to defraud the United States by filing false and fraudulent federal tax forms, including W–2 (wage and tax statement) forms and income tax (1040) forms.

■ On June 3, 1985, a cell search of defendant revealed a manila folder with approximately 100 blank and a completed W–2 forms under defendant's bunk. *See* Declaration of Harley Davis Lovings, Jr. Mr. Lovings made photocopies of these W–2's and gave the copies to the prison Warden. Mr. Lovings then returned the originals to defendant's cell. Another cell search on June 18, 1985 disclosed no blank or completed W–2 forms. *See* Declaration of David J. Burdick, ¶¶ 5, 6. The government has provided defendant with copies of the W–2 forms found in defendant's cell, which copies defendant claims are illegible. Defendant retained custody of the originals and apparently has destroyed them. At the hearing on December 23, 1985, defendant's counsel clarified that defendant seeks legible copies of these forms as well as the copy A portion of the W–2 forms remitted to the IRS. The court has now stated several times that defense counsel is free to make copies of the W–2 forms copies in possession of the United States Attorney. If the United States Attorney's copies are illegible, there simply is nothing this court

---

1. The motion was coupled with a motion to dismiss due to violation of defendant's right to a speedy trial. At the hearing on December 23, 1985, the court orally denied the motion. The court now reaffirms that decision.

can do.[2] As to the Copy A portion which is in the custody of the IRS, the court discusses defendant's request further on in this order.

From the copies of these W-2 forms defendant gets the 106 names listed in his discovery request. Defendant requests all related forms, including the corresponding tax returns allegedly filed with the W-2 forms. The government has provided defendant with the three tax returns related to the charges in the indictment, and has provided three 1984 tax returns not charged in the indictment.[3] *See* Declaration of David J. Burdick. These returns were filled out by defendant, and directed that tax refund checks be delivered to an address within the Eastern District of California. All six returns have been determined by the IRS to be fraudulent and invalid. Of the 100 remaining returns, ninety-three are in possession of IRS Agent Burdick of the Criminal Investigation Division and have not been determined by the IRS to be fraudulent.[4] It is of these returns which defendant seeks discovery.

### III.

■ The motion is brought pursuant to Rule 16(a)(1)(C), which provides:

(C) Documents and Tangible Objects. Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of his defense or are intended for use by the government as

evidence in chief at the trial, or were obtained from or belong to the defendant.

Fed.R.Crim.P. 16(a)(1)(C). This rule requires the court first to determine whether the requested materials are within the possession, custody or control of the government. Next, the court determines whether the material is relevant to the defendant's defense, intended by the government for use in its case in chief, or was obtained from or belongs to the defendant.

### A. *Possession, Custody or Control of the Government.*

The discovery motion presents the question whether, under to Rule 16(a)(1)(C), the "government" includes any persons other than the prosecutors. It is a question heretofore unanswered by the Ninth Circuit.[5] Defendant's discovery request requires the court to construe the term "government" to include an IRS investigative agent and indeed, agencies of the United States government not directly connected with the prosecution. The government argues, in essence, that the court should not grant the discovery motion because the government is not in possession of the requested materials. Relying on *United States v. Gatto,* 763 F.2d 1040 (9th Cir.1985), the government claims that "possession of the government" for Rule 16 means actual possession of the prosecution. Because the requested materials are in the possession of the IRS, and not the United States Attorney's Office, the government claims it does not have possession of them and therefore does not have to produce them under Rule 16(a)(1)(C).

---

2. Under Rule 16, the government must provide the defendant with items obtained from him. But here, the original W-2's were returned to defendant. *See* Declaration of Harley D. Lovings, Jr.

3. The "six returns" are the purported 1984 tax returns of Marvin Ray James, Gary Glen Acy, Jimmy Wayne Carpenter, Rodger D. Smith, Joe Huffman, and Richard D. Smith.

4. The exact whereabouts of the final seven returns is unknown; they are not in the custody

or possession of Agent Burdick or the United States Attorney's Office. Presumably, they are somewhere in the files of the IRS.

5. In *United States v. Trejo-Zambrano,* 582 F.2d 460, 465 (9th Cir.1978), *cert. denied,* 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1979), the Ninth Circuit stated that "government" as used in Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure refers to the office of the prosecutor and related executive agencies.

The case cited by the government, though helpful, is not determinative. *United States v. Gatto*, 763 F.2d at 1040, involved a federal prosecution for mail fraud, wire fraud, interstate transportation of forged securities and conspiracy. During an FBI investigation, Utah state authorities seized evidence obtained as a result of a trash search operation. The trial judge excluded this evidence, observing that Rule 16(a)(1)(C) requires the "government" to make available to the defense documents within the government's custody that are material to the defense.

The Ninth Circuit reversed, however, and held that the trial court erred by excluding evidence seized by the state officials in the trash search operation. The court did not resolve the question of whether "government" under Rule 16 includes persons other than the prosecution.

The record shows that neither the Sacramento-based officials nor the Salt Lake City FBI agent actually possessed, had custody of, or controlled the trash search evidence before March 27, 1984. Moreover, the district judge never made any finding to the contrary. Thus, the precise issue we face is whether rule 16(a)(1)(C) ever requires the federal government to disclose and produce documents that are in the actual possession, custody or control of state officials, the relevance of which the federal government negligently or recklessly fails to appreciate. This is a legal question, reviewable de novo. *McConney*, 728 F.2d [1195] at 1201.

Our first question is whether, pursuant to rule 16(a)(1)(C), the 'government' includes any persons other than the prosecutors. We have not faced this question before. The district court appears to have taken the position that the 'government' included the Sacramento-based FBI agents assisting the federal prosecutor in this case as well as the FBI agent in Salt Lake City who was coordinating information.

.     .     .     .     .

*We need not resolve whether the district court correctly included the identified FBI agents for purposes of rule 16(a)(1)(C). Even if we assume the district judge was correct, the critical issue pertains to possession of the records.*

*Id.* at 1047 (emphasis added). Thus, the real issue in that case was whether Rule 16(a)(1)(C) ever requires the federal government to disclose and produce documents that are in the actual possession, custody or control of *state* officials. The holding of *Gatto* is that Rule 16(a)(1)(C) triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody or control. *Id.* at 1048. The court explicitly stated that the Ninth Circuit has never determined whether under Rule 16(a)(1)(C) "government" includes other *federal* agencies, and declined to reach the issue itself.

But other circuits have addressed the problem. In *United States v. Trevino*, 556 F.2d 1265 (5th·Cir.), *rehearing en banc denied*, 562 F.2d 1258 (1977), the court addressed the question of whether a presentence report in the possession of the probation department was in the possession of the "government" for purposes of Rule 16(a)(1)(C). While holding that it was not, that court concluded that "government" meant prosecution:

Finally, we turn to Rule 16. The appropriate subdivision is 16(a)(1)(C), which requires the 'government' to permit inspection of certain items within its 'possession, custody or control' which are material to the defense or intended for use as evidence. In this context, it is the word 'government' which, it is argued, should be interpreted broadly enough to cover courts or probation officers. As with the Jencks Act, however, the surrounding language of 16(a)(1)(C) requires a narrower reading; the subdivision refers, for example, to papers or documents 'intended for use by the *government* as evidence in chief at the trial....' Neither probation officers nor district judges being in the business of introducing evidence in chief at trial, *this language tells us that 'the government' means the de-*

*fendant's adversary, the prosecution.* Confirming this conclusion are the repeated references to 'the attorney for the government' in 16(a)(1)(A), (B) and (D) and 16(a)(2). No more than *Brady* [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] or the Jencks Act did Rule 16 authorize disclosure of Leos' presentence report; the trial court was correct in overruling appellants' motions for production of the report.

*Id.* at 1271 (emphasis added).[6] In dictum, the court suggested that in some instances the term "government" may include closely connected investigative agencies in addition to the prosecutor:

> We emphasize once more that neither the prosecutor nor any governmental unit aligned with him in the prosecution can have possession of or access to a presentence report except in limited circumstances unrelated to our discussion today. Were we considering some type of report held by an arm of the government other than the probation officer—an investigative agency, for example—different questions would be presented, those concerning the prosecutor's duty to disclose material not technically within his possession but to which he has ready access.

> .    .    .    .    .

> Other courts have held that investigative agencies' files were covered by the Jencks Act or by Rule 16. Certainly the prosecutor would not be allowed to avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in prepar-

ing his case for trial; such evidence is plainly within his Rule 16 'control.'
*Id.* at 1272.

■ Because the requested items are in the custody of an arm of the government, the court is now faced with those "different questions" presented by the Fifth Circuit. Limiting "government" to the prosecution alone unfairly allows the prosecution access to documents without making them available to the defense. On the other hand, giving "government" its broadest reading by expanding it to include all federal agencies (such as the IRS) would not only wreak havoc, but would give the defense access to information not readily available to the prosecution. *Trevino* suggests that in a situation such as the court faces here, discovery under Rule 16 turns not on mechanical definitions of "government" which might be appropriate in one case but not in another. Rather, the scope of the term "government" for purposes of Rule 16(a)(1)(C) turns on considerations of the prosecution's access to the relevant evidence. Thus, the court analyzes the prosecution's access to the requested materials.

■ Defendant's first request is for the Copy A of the W–2 forms and the 106 tax returns. The Copy A portion of the W–2 forms is in the possession and custody of the IRS. The prosecution certainly has no ready access to these; accordingly, they are not discoverable pursuant to Rule 16(a)(1)(C).[7]

■ A more difficult question involves the tax returns. Six of these have been provided to defendant, ninety-three are in the custody of the IRS agent Burdick, and seven presumably are in the custody of the IRS. These latter seven are not discover-

**6.** In *United States v. Scruggs,* 583 F.2d 238, 242 (5th Cir.1978), the court stated that the government is not excused from its disclosure obligations under Rule 16(a)(1)(C) by the fact that the documents were in the possession of the FBI prior to trial. But the basis for the court's decision was that even assuming that Rule 16 was violated, appellant failed to show sufficient prejudice to require reversal. Thus, *Scruggs* is not contrary to *Trevino.*

**7.** This conclusion would be the same if the court applied a definition of "government" which encompassed "closely connected investigative agencies" or "arms of the prosecution." *See United States v. Gatto,* 763 F.2d at 1047; *United States v. Trejo-Zambrano,* 582 F.2d at 465; *United States v. Trevino,* 556 F.2d at 1265 (concurring opinion). The IRS is neither closely connected to the United States Attorney's Office nor an arm of the prosecution.

able for the same reasons as apply to the W–2 forms.

Concerning the returns in possession of the IRS criminal investigation division, an extension of the term "government" to include arms of the prosecution or closely connected investigative agencies might yield the conclusion that these returns are discoverable. Such a conclusion would be sensible in a situation where, for example, the FBI had custody of the requested items so that the prosecution had ready access to them. But that is not the situation here. Rather, absent a determination by the IRS that these are false claims, federal law mandates that the tax returns may not be disclosed, even to the United States Attorney. The IRS is constrained by specific disclosure statutes that makes willful unauthorized disclosure of tax information a federal crime, see 26 U.S.C. section 7213, a situation not faced when relevant evidence is in the custody of other investigative agencies.

Defendant's request for income tax forms submitted to the IRS is a request for "taxpayer return information," 26 U.S.C. § 6103(b), which is presumptively confidential. Disclosure is prohibited. 26 U.S.C. section 6103(a) provides:

> (a) General rule.—Returns and return information shall be confidential, and except as authorized by this title—
>
> (1) no officer or employee of the United States,
>
> (2) no officer or employee of any State, any local child support enforcement agency, ... and
>
> (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), subsection (m)(4)(B), or subsection (n),
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or

under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

There are certain specified exceptions, however, one of which is applicable here. For cases involving tax administration,[8] 26 U.S.C. section 6103(h)(2) sets forth the procedures whereby the IRS can disclose taxpayer return information to federal officers:

> (2) Department of Justice.—In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—
>
> (A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
>
> (B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or
>
> (C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

26 U.S.C. § 6103(h)(2). Here, the requirements of subsection (2)(A), (B), or (C) have not been met; therefore, the subject returns are not open to inspection by or disclosure to the United States Attorney, nor

---

8. The instant prosecution is a proceeding arising out of tax administration. *See United States v. Mangan*, 575 F.2d 32, 39–41 (2d Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 324 (1978) (proceeding arising out of tax administration includes prosecution for mail fraud based upon filing of fraudulent income tax returns).

can the Department of Justice request such disclosure.[9]

■ In addition, section 6103(h)(4) sets forth when return information may be disclosed in a tax administration proceeding:

(4) Disclosure in judicial and administrative tax proceedings.—A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—

(A) the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayers civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or

(D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Proce-

dure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal investigation.

26 U.S.C. § 6103(h)(4). At first blush, subdivision (4)(D) suggests that the court may order production of the tax returns from the IRS pursuant to Rule 16 for use in a tax administration prosecution. But subdivision (4)(D) does not provide as such, and must be read in conjunction with subsection (h) as a whole. In *Chamberlain v. Kurtz*, 589 F.2d 827, 837–38 (5th Cir.1979) the court explained how subsection (h)(4) should be interpreted:

Chamberlain argues, however, that subsection (h)(4) which authorizes disclosure 'in judicial and administrative tax proceedings' applies to this case since the instant litigation is 'a Federal or State judicial or administrative proceeding pertaining to tax administration.' He con-

---

9. Even assuming that subsection (2)(A), (B), or (C) is applicable, disclosure is not available here. Section 6103(h)(3) sets forth two alternative procedures by which the Department of Justice may inspect return information when subsection (2) is satisfied:

(3) Form of request.—In any case in which the Secretary is authorized to disclose a return or return information to the Department of Justice pursuant to the provisions of this subsection—

(A) if the Secretary has referred the case to the Department of Justice, or if the proceeding is authorized by subchapter B of chapter 76, the Secretary may make such disclosure on his own motion, or

(B) if the Secretary receives a written request from the Attorney general, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request and setting forth the need for the disclosure, the Secretary shall disclose return or return the information so requested.

26 U.S.C. § 6103(h)(3). Thus, the Secretary of the Treasury may make such disclosure to the Justice Department on its own motion. No such disclosure has been made because the IRS has not made a final determination that the requested returns are in fact fictitious, invalid returns. *See* Declaration of David J. Burdick, ¶¶ 3–5. Also, disclosure is allowed when the Attorney General or other high ranking officials serve a detailed written disclosure request on the Secretary. No such request has been made here. *See* Declaration of Adam Kurland, ¶¶ 3–4. Further, the court refuses to consider ordering either the Secretary of the Treasury or the Attorney General to take disclosure action prescribed by subsection (h)(3) as such order would violate the separation of powers between the judicial and executive branches. *See* U.S. Const. art. II; *United States v. Gatto,* 763 F.2d at 1096 (separation of powers limits court's power of supervision over criminal discovery).

tends that this provision mandates disclosure to him unless the Secretary determines that 'such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation.' We reject this interpretation. The provision must be read in context; subsection (h) deals with disclosure to federal officials for purposes of tax administration. *Subsection (h)(4) merely describes the circumstances in which these officials may disclose confidential information in a judicial or administrative proceeding. Without subsection (h)(4) officials could not use the information as evidence in such proceedings. There is nothing to indicate that the provision was designed to accord a taxpayer automatic access to all information pertaining to his tax liability immediately upon the initiation of such a proceeding.* (emphasis added). Thus, subsection (h)(4) presupposes that the IRS has made the return information available for inspection by the United States Attorney under another subsection. Only after the Justice Department obtains possession of the return information does subdivision (4)(D) permit discovery under Rule 16.

■ The court explained above that the IRS has not disclosed the requested return information to the United States Attorney. Accordingly, section 6103(h)(4)(D) does not require the court to order disclosure to defendant pursuant to Rule 16.

The statutory framework outlined above restricts the United States Attorney's access to the ninety-three tax returns in custody of Agent Burdick of the IRS Criminal Investigation Division. Weighing the relevant considerations of access of the material to the prosecution leads the court to conclude that in this case, "government"

under Rule 16(a)(1)(C) does not include the criminal investigation division of the IRS. The United States Attorney cannot utilize the requested tax returns in preparing his case while avoiding discovery under Rule 16 because the United States Attorney has no access to them. Thus, the court's decision comports with those concerns expressed in *Trevino.*

The court recognizes that this motion highlights a potential conflict between Rule 16 and the return information disclosure provisions of Title 26 of the United States Code. But it is a well-settled and sensible principle of statutory interpretation that statutes should be reconciled when possible. *See Morton v. Mancari,* 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1972). The court believes that its interpretation of "government" rationally reconciles the possible conflict between the statutes at issue here without damaging the purpose of either.[10]

■ Defendant's second request, for all documents initiated, generated, or otherwise processed by the IRS in regards to the W–2 forms and returns cannot be granted. Not only is the request overbroad, but defendant gives no indication where any of this material is located. The government states in response that "Everything else requested, (all related items generated or processed by the IRS), if it exists, could conceivably be in some government file anywhere in the country, and not necessarily in IRS possession. For example, tax refund checks, after they are cashed, usually end up in the custody of the Treasury department." Government's Response to Defendant's Motion for Supplemental Discovery, page 7, n. 5. The court has declined to extend the term "government" under Rule 16(a)(1)(C) randomly to all agencies of the government; indeed,

---

**10.** A different problem would arise if *Brady* material were involved. Because the decision in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) was premised upon the constitutional principle that "the suppression by the prosecution of evidence favorable to the accused upon request violates due processes where the evidence is material ... to guilt ...,"

*id.* at 87, 83 S.Ct. at 1196–97, a conflict between production of *Brady* material and statutory restrictions on disclosure of return information would have to be resolved in favor of production. But defendant does not claim that the requested items are *Brady* material, so here the court does not resolve a conflict between constitutional mandate and statutory enactment.

this discovery request illustrates how such an interpretation would be unwise. Conceivably it would take the IRS and other government agencies months or even years to locate and produce all this material. Defendant's lack of specificity prevents the court from engaging in any sort of analysis to determine if any of these items are within the custody, possession or control of the government under Rule 16(a)(1)(C). The court therefore denies the second discovery request.

**B.** *Relevant to Defense, Intended by the Government for Use in its Case in Chief, Obtained from or Belonging to Defendant.*

If the requested material is in the government's possession, Rule 16(a)(1)(C) requires production of the material if it is (1) material to the preparation of the defense, (2) intended for use by the government as evidence in chief at the trial, or (3) obtained from or belong to the defendant.

The items defendant requests are not intended for use by the government as evidence in chief at trial, *see* Government's Response and Objections to Defendant's Motion for Supplemental Discovery, page 6, nor may they be considered obtained from or belonging to defendant absent a determination that the returns are false. Hence, they are non-discoverable unless material to the defense. In this regard, the court requested at the hearing on December 23 a statement from defendant explaining the relevance of the requested items. In response to this request, defense counsel provided the court with an *in camera* "Statement of Relevance and Materiality of Requested Discovery Material" on January 8, 1986.

The court has reviewed the document but does not decide whether the requested items are material to the preparation of the defense because the court is satisfied that the items are not in the custody, possession, or control of the government. But in the event the IRS makes a final determination that any of the tax returns in the custody of Agent Burdick are in fact ficti-tious, invalid returns, defendant may renew his motion as to those returns. The court will then consider the relevance of the returns and discoverability under Rule 16. The United States Attorney shall notify the defendant whenever a return is made disclosable to him.

The court emphasizes that this order does not foreclose defendant from obtaining the requested material, but only denies him the ability to discover it under Rule 16(a)(1)(C). If defendant wants these items, he can subpoena the IRS or any other agency which he believes possesses them. Although subpoena may be a long and arduous process, Rule 16 does not guarantee a defendant easy discovery of all relevant evidence, but only discovery of those relevant documents in possession of the government.

The motion for supplemental discovery is DENIED, with the conditions set forth herein.

IT IS SO ORDERED.