**UNITED STATES of America,**

v.

**RECOGNITION EQUIPMENT INCORPORATED, William G. Moore, Jr., and Robert W. Reedy, Defendants.**

**Crim. No. 88–0385.**

United States District Court, District of Columbia.

Sept. 13, 1989.

See also 711 F.Supp. 1.

Vincent L. Gambale, Trial Atty., U.S. Dept. of Justice, Crim. Div., Fraud Section, Washington, D.C., for U.S.

John P. Cooney, Julie R. O'Sullivan, H. Lin Shiau, Davis Polk & Wardwell, New York City, Linda Chatman Thomsen, Davis Polk & Wardwell, Washington, D.C., Morris Harrell, Marshall Searcey, Lori B. Finkelston, Locke Purnell Rain Harrell, Dallas, Tex., for REI.

Charles A. Stillman, Marjorie J. Peerce, Stillman, Friedman & Shaw, P.C., New York City, for Moore.

Robert S. Bennett, David S. Krakoff, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for Reedy.

**ORDER**

REVERCOMB, District Judge.

The United States has moved that this Court reconsider the Order filed in this matter on September 1, 1989 in which this Court granted defendants' motion compelling the Secretary of the Treasury or his designee to disclose to the United States

Attorney for the District of Columbia the tax returns and return information of five individuals not named in this action pursuant to Federal Rule of Criminal Procedure 16 and 26 U.S.C. § 6103(i)(4)(A)(ii).

■ The rules governing the disclosure of tax returns and return information are strictly construed. *See, e.g., Tierney v. Schweiker,* 718 F.2d 449, 455–56 (D.C.Cir. 1983); *Olsen v. Egger,* 594 F.Supp. 644, 646–47 (S.D.N.Y.1984). The language of § 6103(i)(4)(A) expressly states that this provision for the disclosure of tax returns and return information for use in judicial or administrative proceedings applies only where the tax returns or return information has already been obtained under § 6103(i)(1) which provides for disclosure of tax returns and return information for use in criminal investigations. Under § 6103(i)(1)(B) only specified Federal prosecutors, including United States attorneys, may authorize an application to this Court for an order for the disclosure of tax returns or return information. In the instant case, the United States attorney has not submitted an application for an order seeking the disclosure of that information. Accordingly, under the statutory scheme, this Court cannot order the disclosure of such information pursuant to defendants' motion. *See United States v. Mangan,* 575 F.2d 32, 39 (2d Cir.1978) (section 6103(i)(1)(B) specifically defines the means by which an application for disclosure must be made and "[w]hen Congress chooses to speak with such specificity, courts must heed its language").

■ Moreover, the defendants' reliance on Rule 16 to obtain the tax returns is inapposite because the United States attorney is not in possession of them. In *United States v. Robertson,* 634 F.Supp. 1020 (E.D.Ca.1986), *aff'd,* 815 F.2d 714 (9th Cir.), *cert. denied,* 484 U.S. 912, 108 S.Ct. 258, 98 L.Ed.2d 215 (1987), the Court analyzed the relationship between Rule 16 and 28 U.S.C. § 6103(h)(4) which provides for disclosure of tax returns or return information in judicial and administrative tax proceedings. Like § 6103(i)(4)(A)(ii) in the instant case, § 6103(h)(4) includes the provision that tax returns and tax information may be disclosed "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure...." 26 U.S.C. § 6103(h)(4)(D). The *Robertson* Court noted that "[a]t first blush, subdivision (4)(D) suggests that the court may order production of the tax returns from the IRS pursuant to Rule 16 for use in a tax administration prosecution." 634 F.Supp. at 1027. However, the court recognized that subsection (h)(4) presupposes that the prosecuting United States attorney already is in the possession of the tax returns or return information and only then does subsection (h)(4)(D) permit discovery under Rule 16. *Id.* at 1028.

This Court finds the relationship in the instant case between Rule 16 and § 6103(i)(4) identical to that involved in *Robertson* where, as discussed above, subsection (i)(4)(A) presupposes that the tax returns and tax information at issue are already in the possession of the government under subsection (i)(1) in order for subsection (i)(4)(A)(ii) to apply.

It is therefore

ORDERED that the government's Motion for Reconsideration of Order Granting Motion for the Disclosure of Certain Tax Returns is GRANTED and the Order filed September 1, 1989 is VACATED.